IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT LEE ANDERSON**                                                **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 4:12CV64-HTW-LRA**

**SGT. M. RICE**                                                       **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Robert Lee Anderson, *pro se,* [hereinafter "Plaintiff"] and Attorney Robert T. Bailey, counsel for Sgt. Rice [hereinafter "Defendant"], appeared before the undersigned United States Magistrate Judge on the 28th day of August, 2012, at the Federal Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a *Spears* hearing. The hearing was conducted in an attempt to insure the just determination of this *pro se* prisoner litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to his case.

Anderson was a state inmate incarcerated in the East Mississippi Correctional Facility in Meridian, Mississippi, when he filed his Complaint on April 17, 2012. Anderson's allegations are quoted from the Complaint [1] as follows:

> I only have one (1) lung and was sprayed with pepper mace while I was hanging trying to commit suicide. He know I had one lung because I told him about it and the Doctor Carter told them about it. They was and they office talk about my lung he told me if I got one lung why I do the thing I do and I said that don't mean nothing that I got one lung and Mr. Rice know that I had one lung but he still sprayed me with that mace. I was hanging off my feet.

Plaintiff explained his claims under oath to the undersigned at the hearing, and a transcript of that hearing has been filed [12]. According to Plaintiff, he was feeling suicidal and told the officers that he needed to talk to someone. He then tied a string around his neck and to the window and was hanging from the window with his feet dangling off the floor. Defendant Rice came into the cell, sprayed him with pepper spray, and cut him down from the window.

Plaintiff complains that he has one lung and that everybody knew that. The pepper spray was not good for his lung. He was taken to the medical unit immediately afterwards. Medical personnel put some liquid in his eyes to combat the pepper spray, and he took a shower. The spray got in some scars that he had from when he had previously tried to commit suicide in Rankin County. This caused his neck to scar and blister. The rope he used was so tight that the spray caused sores underneath where the rope was tied.

2

Plaintiff testified that he had no permanent injury from the effects of the pepper spray. He testified that the pepper spray "just took [his] breath away." When they cut him down, he just started shaking. They told him not to panic but he could not help it.

Considering every assertion by Plaintiff as true, the Court still finds that he has failed to state a **constitutional** claim or a claim upon which relief can be granted. It is well-settled that the courts, unless presented with patently unreasonable conduct, are reluctant to interfere with the day-to-day operations of a prison. *Bell v. Wolfish*, 441 U.S. 520 (1979). A prison's internal security is peculiarly a matter normally left to the discretion of prison administrators. *Rhodes v. Chapman*, 452 U.S. 337, 349, n.14 (1981). Moreover, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) *quoting Bell*, 441 U.S. at 547. In Plaintiff's case, the force applied to him was necessitated by his own actions, that being his attempt to commit suicide. By Plaintiff's own admissions, Sgt. Rice's actions were not prompted by any punitive action toward him as an individual inmate.

The Constitution of the United States does not protect an inmate from "de minimis uses of physical force, provided the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 10 (1992). Thus, not every "push or shove" is actionable, even if the push or shove seems unnecessary when reviewed in the

3

"peace of a judge's chambers." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973). The proper core inquiry to be used by the Court in an excessive use of force claim is whether force was "applied in a good-faith effort to maintain or restore discipline," rather than "maliciously and sadistically with the intention to cause harm.'" *Galada v. Payne,* 421 F. App'x 460, 462 (5th Cir. 2011) (quoting *Hudson,* 503 U.S. at 6-7).

To prevail on an excessive force claim, plaintiffs must establish (1) an injury which is more than *de minimis* (2) which resulted directly and only from a use of force that was clearly excessive to the need, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore,* 483 F.3d 404, 416 (5th Cir. 2007), quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). In evaluating the level of force used against a prisoner, this Court must consider the context in which the force was deployed. *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). In this case, very little force was used by Defendant Rice; he obviously had good cause for his actions, attempting to save Plaintiff's life.

The use of pepper spray is not forbidden by the United States Constitution, and its application in and of itself is not "excessive force." *See Stone v. Damons*, 252 F. App'x 581 582 (5th Cir. 2007) (per curiam) (affirming summary judgment dismissing Eighth Amendment case where officer used pepper spray on plaintiff resisting arrest); *Bailey v. Turner*, 149 F. App'x 276, 278 (5th Cir. 2005)(per curiam) (reversing judgment at law where factual dispute existed as to whether plaintiff was sprayed by mace directly in face for 1-25 seconds after restrained in handcuffs). Under the exigent circumstances described

4

by Plaintiff, wherein his life was in danger, the undersigned is unwilling to second-guess Defendant Rice's decision as to how to respond to the emergency. Although Plaintiff complains that Defendant knew that he only had one lung, such knowledge would not make the use of pepper spray an excessive use of force in an emergency situation.

The undersigned is of the opinion that Anderson cannot maintain his action under the controlling law governing actions brought under 42 U.S.C. § 1983. Under the case of *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), as modified by *Neitzke v. Williams*, 490 U.S. 319 (1989) and *Denton v. Hernandez*, 504 U.S. 25 (1992), the claims of the Plaintiff must have an arguable basis in law or fact; otherwise, dismissal under 28 U.S.C. § 1915 is appropriate. Given these undisputed facts, and based on the totality of the circumstances, the undersigned concludes as a matter of law that Sgt. Rice did not use unconstitutional force and acted with objective reasonableness. Anderson's claims have no basis either in law or in fact and, therefore, are frivolous[1] and fail to state a claim on which relief may be granted. For these reasons, the recommendation is that this action should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii). Final Judgment in favor of Defendant Rice should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 15th day of October 2013.

                                    /s/ Linda R. Anderson
                            UNITED STATES MAGISTRATE JUDGE